[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12908
Non-Argument Calendar

_____

Agency Nos. A96-087-523
A96-087-524

NHORA CONSTANZA GUTIERREZ JIMENEZ,
LUIS FERNANDO GODOY GARZON,
ANDRES FELIPE GODOY GUTIERREZ,
LAURA XIMENA GODOY GUTIERREZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 24, 2007)**

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Nhora Constanza Gutierrez-Jimenez, her husband, and her two children (collectively "Gutierrez-Jimenez"), all natives and citizens of Colombia, appeal the Board of Immigration Appeals's ("BIA") denial of their motion to reopen or reconsider as untimely. We find that the BIA did not abuse its discretion and accordingly, we affirm the decision below.

*Background*

In 2002, Guiterrez-Jimenez applied for asylum, withholding of removal under the Immigration and Nationality Act ("INA") and withholding of removal under the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") denied all forms of relief, and Guiterrez-Jimenez next appealed to the BIA. In August 22, 2005, the BIA affirmed the IJ's decision. The BIA's decision did not mention the petitioner's right to judicial review of its decision.

On November 21, 2005, Guiterrez-Jimenez filed a motion to reopen, arguing that the BIA erred in failing to notify her of the right to judicial review and the thirty-day time limit to seek such relief. This motion was rejected because the certificate of service was incorrect. The rejection notice from the BIA stated that the motion was returned for correction of defects, and did not extend the original ninety-day deadline. To re-submit a motion after the deadline, the motion must be filed within fifteen days of the original deadline and be accompanied by a request that the BIA accept the motion by certification. Guiterrez-Jimenez resubmitted her

2

corrected motion on December 5, 2005, after the original deadline, and did not include such a request.

The BIA rejected the renewed motion as untimely, further noting that even if it had been timely, it would not be granted since it failed to allege the existence of new facts. Since Guiterrez-Jimenez alleged an error of law, the BIA also considered whether the motion would succeed if treated as a motion to reconsider. The BIA concluded that it was untimely as such and would also fail on the merits because Guiterrez-Jimenez did not cite to pertinent authority in support of her position. Guiterrez-Jimenez seeks review of this decision, arguing that the BIA violated her due process rights by failing to notify her of her right to judicial review in its initial order.

*Standard of Review*

We review the BIA's denial of a motions to reopen or reconsider for abuse of discretion. *Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1220 (11th Cir. 2003). The BIA abuses its discretion when it reaches its decision "in an arbitrary or irrational manner." *Gomez-Gomez v. INS*, 681 F.2d 1347, 1349 (11th Cir. 1982). Issues not argued in the initial brief on appeal are deemed abandoned. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283 n.12 (11th Cir. 2001).

*Discussion*

3

A motion to reopen must be filed within ninety days of the BIA's final decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). A motion to reopen must show there is new evidence that is material, was unavailable, and could not have been discovered or presented at the removal hearing. 8 C.F.R. § 1003.2(c)(1). Similarly, a motion to reconsider must be filed within thirty days of the BIA's decision and must specify the alleged errors of fact or law and be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(1)-(2).

First, Guiterrez-Jimenez does not argue that the BIA abused its discretion in denying these motions, and thus appears to have waived this claim. *Al-Najjar*, 257 F.3d at 1283, n.12. She argues instead that the BIA violated her due process rights by failing to notify her of her right to judicial review in its August 22, 2005 order. To the extent that this can be construed as a claim for abuse of discretion for failing to reopen or reconsider the order, it still fails. Guiterrez-Jimenez corrected motion was filed after the deadline for both motions to reopen and reconsider. Additionally, it failed to allege new facts, as required by a motion to reopen, or cite to pertinent authority demonstrating an error of law, as required by motions to reconsider. It is not an abuse of discretion for the BIA to deny such a motion. Accordingly, we affirm the decision below.

**AFFIRMED.**

4